IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

                                                                                                    ORDER

                Plaintiff,

                                                                                                    09-cv-336-slc

        v.

U.S. FEDERAL COURT, GREENVILLE, MS,
ALLEN PEPPER JR. & ADMINISTRATION,
RICKY BANKS, Town Sheriff,
DEWAYNE SMITH, STEPHEN NICKS
and DAVID SANDERS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

                Plaintiff,                                            ORDER

        v.                                                                            09-cv-490-slc

MS. HOLINKA, MS. FEATHERS,
MR. TRATE, MR. MARTIN,
and MR. RUSSELL,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        These two cases were dismissed in separate orders in August 2009.  I dismissed case

1

no. 09-cv-336-slc because some of the claims were challenges to the validity of plaintiff's conviction and the remaining claims were related to alleged harm to individuals other than plaintiff. I dismissed case no. 09-cv-490-slc because it was clear from the face of the complaint that plaintiff had not exhausted his administrative remedies as he was required to do under 42 U.S.C. § 1997e(a). In accordance with 28 U.S.C. § 1915(g), I recorded two strikes against plaintiff.

Now plaintiff has filed a document that he calls "Filing objection & asking for reconsideration on Order/Civil Case No. 09-336-slc on Order dated 18th and 21st day of August, 2009" and another document he calls "Inquire/Response to Order/Civil Case no. 09-cv-336-slc dated 17th day of August, 2009 and Judgment dated 18th day of August, 2009." In the first document, plaintiff asks the court "to withdraw both strikes." Although plaintiff's reason for the request is not clear, he seems to be rearguing the merits of his claims. The second document is even more difficult to understand, but it seems to be a motion to reconsider the dismissal of case no. 09-cv-336-slc because his conviction is invalid.

Both of plaintiff's motions will be denied. The law required dismissal of both of his cases because challenges to a conviction may not be pursued through a civil action and challenges to prison conditions may not be brought until the prisoner exhausts his available administrative remedies. These rules cannot be disregarded, even if the plaintiff believes his claims have merit. Similarly, a court does not have discretion to disregard § 1915(g).

2

Whether or not a particular court explicitly records a strike, § 1915(g) prohibits a prisoner from proceeding in forma pauperis if the prisoner has "on 3 or more prior occasions" brought an action that was dismissed for failure to state a claim upon which relief may be granted (The only exception is that a prisoner who has "struck out" may proceed in forma pauperis if he is in "imminent danger of serious physical injury.")  As the Supreme Court explained in Jones v. Bock, 549 U.S. 199, 214-16 (2007), a complaint fails to state a claim upon which relief may be granted any time "the allegations, taken as true, show the plaintiff is not entitled to relief," including times when the complaint shows that a prisoner failed to comply with exhaustion requirements.  Id. at 215-16.  Because I concluded in both of these cases that plaintiff could not prevail on his claims, I dismissed them for failure to state a claim. This means that both cases must count as "strikes" under § 1915(g).

ORDER

IT IS ORDERED that plaintiff Orlando Pilcher's  motion for reconsideration in case no. 09-cv-336-slc, dkt. #25, and his motions to "withdraw" the strikes assessed in case no.

09-cv-336-slc, dkt. #24, and case no. 09-cv-490-slc, dkt. #8, are DENIED.

Entered this 14th day of September, 2009.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge